IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICKY R. BAKER, | ) | 8:08CV69 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT P. HOUSTON, Director, | ) | |
| and FRED BRITTEN, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

Respondents have filed a Motion for Summary Judgment (filing no. 8) arguing that Ricky R. Baker's ("Baker") Petition for a Writ of Habeas Corpus must be denied. On its own motion, the court gave Petitioner extra time to submit a response (filing no. 11), but Petitioner has not done so. After careful review, the Motion for Summary Judgment will be granted because Petitioner's claims are procedurally defaulted and no excuse has been shown.

## I. BACKGROUND

It is helpful to examine the background of this case in stages. Thus, the plea, the sentencing proceedings, the direct appeal, the post-conviction action and this federal action will be separately summarized.

*The Plea*

On June 29, 2006, Petitioner, represented by Daniel R. Stockmann, an Assistant Public Defender for Douglas County, Nebraska, entered a plea of guilty to

the sole charge against him, burglary.[1] (Filing No. 10-2, Attach. 1, at CM/ECF p. 13.) Judge Gary B. Randall, of the Douglas County, Nebraska District Court, carefully questioned Petitioner and determined that his plea was knowing, intelligent and voluntary and that there was a factual basis for it. (Filing No. 10-7, Attach. 6, at CM/ECF pp. 4-19.)

In particular, the record reflects that Judge Randall determined that Petitioner understood the penalties, that Petitioner was competent to enter a plea, that Petitioner had not been threatened, and that Petitioner fully understood his rights. Petitioner specifically confirmed that he had not been promised any leniency as an inducement to plead guilty. (*Id.* at CM/ECF p. 11.) Petitioner also specifically confirmed that he had told his lawyer everything that was material to the case so the lawyer could formulate whatever defenses might be available and Petitioner said that he was satisfied with the services that his lawyer had provided him. (*Id.* at CM/ECF pp. 11-12.) In the following exchange, Judge Randall developed a factual basis for the plea:

> THE COURT: Before I can accept your plea of guilty, I need to know there's a factual basis. So I need you to tell me in your own words what happened on April 19th of this year in Douglas County at 1720 Fowler, the property occupied by Shane Caradon, that caused you to be charged with burglary.
>
> THE DEFENDANT: Well, that night I was all by myself. I was out driving around. And I went to a friend of mine's house and I was just hanging out, you know, talking with them and stuff. And I told him I'd

---

[1] "A person commits burglary if such person willfully, maliciously, and forcibly breaks and enters any real estate or any improvements erected thereon with intent to commit any felony or with intent to steal property of any value." Neb. Rev. Stat. § 28-507(1) (2008). Burglary is a Class III felony. Neb. Rev. Stat. § 28-507(2) (2008). Burglary is punishable by a minimum of one year in prison and a maximum of 20 years in prison. Neb. Rev. Stat. § 28-105(A)(1) (2008).

be back. He never asked me where I was going or anything. So I walked out of his house. I went up the street. I went to the house, looked in the window. I didn't see anything or anybody in there, so I went into the room. The next thing you know, I took the carpet, a sink and a toilet and left with that property.

THE COURT: How did you get in?

THE DEFENDANT: I went to the back door – I didn't force my way in. There was a window right next to it, and I kind of like pushed on it a little bit and opened it up.[2]

THE COURT: And then reached around and opened the door?

THE DEFENDANT: No. I just climbed through the window.

THE COURT: Oh, all right. Okay. Mr. Kahler?

MR. KAHLER: Your Honor, I'll just add that this occurred in Douglas County, Nebraska, and that the defendant admitted to being there at the house to Omaha police, and they recovered a sink in the defendant's vehicle that was stolen from that house as well.

THE COURT: Okay. I guess what I didn't ask you, Mr. Baker, but I think it's kind of obvious, though, just to make sure. You didn't have permission to be in his house?

THE DEFENDANT: No, sir.

---

[2]"For more than a century," the Nebraska Supreme Court "has held that evidence of any act of physical force, however slight, by which an obstruction to the entry of premises is removed is sufficient to prove the essential element of breaking as used in the statutory offense of burglary." *State v. Greer*, 596 N.W.2d 296, 301 (Neb. 1999). In fact, burglary may be committed by "opening a door or unhooking a door fastener." *Id.*

>THE COURT: And you didn't have permission to take the property from the victim?
>
>THE DEFENDANT: No, sir.

(*Id.* at CM/ECF pp. 13-15.)

*Sentencing*

Because Petitioner's criminal record was extensive, on August 31, 2006, Judge Randall sentenced Baker to prison for a minimum of 15 years and a maximum of 20 years. (*Id.* at CM/ECF p. 23.) This meant that Baker would be eligible for parole after 7.5 years. (*Id.*) Judge Randall explained the reasons for the sentence this way:

>THE COURT: Okay. Well, Mr. Baker, I have to tell you that I was astonished when I read the Presentence Investigation report and I found that your record is 18 pages long for a person who's 34 years of age. I couldn't even count the number of times you've been picked up for violent offenses, whether it was a violation of a protection order or an assault. I mean, it's double digits, in the 20s. And then while you're out of jail pending sentencing on this charge, you pick up new charges of domestic assault in the third degree, violation of a protection order, driving during suspension, possession of marijuana, child abuse, disturbing the peace. And if I just look at your record from when you were released from prison until now, until you were first arrested, I believe it was nine days between the time that you were released and the time you were first arrested from the 21st of September to the 30th of September, and there are five pages of your record. I think you've decided to become a career criminal, and I can't do anything about it. I don't think you have any respect for the law, and I believe it's my job to protect society from you.
>
>I'm going to find an appropriate sentence is 15 to 20 years in the Nebraska Department of Correctional Services. You're receiving 12 days of credit for the time you've already served. That means after seven and a half years, you could be considered eligible for

consideration for parole, and after ten years, if you lose no good time, you'll be released. That's the order of the Court.

(*Id.* at CM/ECF pp. 22-24.)

### *The Direct Appeal*

Baker's appointed counsel filed a timely direct appeal and he argued that the district court abused its discretion by imposing an excessive sentence. (Filing No. 10-2, Attach. 1, at CM/ECF p. 25.) The State of Nebraska asked the Nebraska Court of Appeals to summarily affirm, arguing that the sentence was not excessive given Baker's addiction to drugs and long criminal history. (*Id.* at CM/ECF pp. 35-37.) The Nebraska Court of Appeals summarily affirmed on January 30, 2007, and the mandate was issued on March 9, 2007. (Filing No. 10-3, Attach. 2, at CM/ECF p. 2.) No petition for further review was filed with the Nebraska Supreme Court. (*Id.*)

### *The State Post-Conviction Action*

On April 9, 2007, Petitioner filed a post-conviction motion in the Douglas County, Nebraska District Court, which was amended on June 18, 2007. (Filing No. 10-4, Attach. 3, at CM/ECF pp. 13-29, 52-68.) As amended, the motion claimed that the charging document was inaccurate and factually misleading; that the guilty plea was not made intelligently because the house was not occupied; that his trial counsel was ineffective for a variety of reasons; that his counsel on direct appeal was ineffective; and that the trial judge engaged in judicial misconduct. (*Id.* at CM/ECF pp. 55-66.) In a detailed opinion dated July 26, 2007, Judge Randall denied the amended post-conviction motion. (*Id.* at CM/ECF pp. 69-71; Filing No. 10-5, Attach. 4, at CM/ECF pp. 1-8.) Petitioner filed a motion to alter or amend the judgment, but the judge denied that motion in an order filed on August 3, 2007. (Filing No. 10-5, Attach. 4, at CM/ECF p. 9.)

On October 1, 2007, Baker filed a notice of appeal that was dated September 28, 2007. (Filing No. 10-4, Attach. 3, at CM/ECF p. 1.) Because the notice of appeal was untimely (that is, it was not filed within 30 days of the August 3, 2007 order denying the motion to alter or amend the judgment[3]), the Nebraska Court of Appeals dismissed the appeal for lack of jurisdiction on November 9, 2007. (Filing No. 10-6, Attach. 5, at CM/ECF p. 1.) The mandate was issued on December 14, 2007. (*Id.* at CM/ECF p. 2.) No petition for further review was submitted to the Nebraska Supreme Court. (*Id.* at CM/ECF pp. 1-2.)

*This Federal Action*

This action was commenced on February 11, 2008. (Filing No. 1.) Upon initial review, the court found that three claims were presented and they were summarized as follows:

Claim One: Petitioner's conviction was obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea *because* Petitioner was misinformed about the elements of the crime to which he was pleading guilty.

Claim Two: Petitioner's conviction was obtained as a result of ineffective assistance of counsel *because* Petitioner's trial counsel did not fully investigate the facts underlying the charges, call witnesses to testify in Petitioner's defense, make objections at trial, or inform Petitioner about the elements of the crime to which he was pleading guilty.

---

[3]*See* Neb. Rev. Stat. § 25-1912(3) (2008).

-6-

> Claim Three: Petitioner's conviction was obtained as a result of ineffective assistance of counsel *because* Petitioner's appellate counsel did not investigate, review the trial record, or inform Petitioner about the appeals process.

(Filing No. 6 at CM/ECF pp. 1-2 (footnote omitted).)

On April 2, 2008, Respondents filed their Motion for Summary Judgment supported by a Brief and State Court Records. (Filing Nos. 8, 9, and 10.) Pursuant to the earlier order of the Court, Petitioner had 30 days to respond. (Filing No. 6 at CM/ECF p. 4.) Petitioner failed to respond. On July 9, 2008, the Court, on its own motion, gave Petitioner additional time, until August 11, 2008, to file a response. (Filing No. 11.) No response was submitted.

## II. ANALYSIS

Respondents assert that Petitioner's claims have been procedurally defaulted without excuse. The Court agrees.

First, a habeas petitioner must "fairly present" each claim he or she wishes to litigate in federal court to the state courts. 28 U.S.C. § 2254(b)(1). A general claim is not enough; it must be specific and similar to the claim presented in federal court. *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (holding that a claim is properly presented when the state courts are given a "'fair opportunity' to apply controlling legal principles to the facts bearing upon [the claim]") (quoting *Picard v. Connor*, 404 U.S. 270, 275, 277-78 (1971)). In order to "fairly present" a claim, the specific claim must also be put through one complete round of the State's established review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (requiring a habeas petitioner to present his federal claims to the Illinois Supreme Court by way of a petition for discretionary review after denial of those claims by the Illinois Appellate Court). For

Nebraska, this means that the merits of each habeas claim must be presented to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Nebraska Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir. 2005) (stating that Nebraska law required habeas petitioner to file a petition for further review with the Nebraska Supreme Court in order to exhaust his available state court remedies after his conviction was affirmed by the Nebraska Court of Appeals; state rules indicated that such a procedure was considered the ordinary process because mandate could not issue until the 30-day period for filing such a petition had lapsed); *see also Akins v. Kenney*, 533 F. Supp. 2d 935, 947 (D. Neb. 2008) (same).

Second, Nebraska courts "will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion. The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." *State v. Moore*, 718 N.W.2d 537, 542 (Neb. 2006) (holding that constitutional challenge to statutorily mandated method of execution in death penalty case was procedurally barred) (internal citation omitted), *cert. denied*, 127 S. Ct. 1134 (2007). Thus, if a petitioner files an ineffective assistance of counsel claim in one post-conviction action, he cannot later file another such action by changing the assertion about how his lawyer erred. *See, e.g.*, *State v. Luna*, 434 N.W.2d 526, 528 (Neb. 1989) (holding that district court's order denying an evidentiary hearing and overruling prisoner's motion for post-conviction relief alleging ineffective assistance of counsel was not erroneous, where defendant had previously made a motion for post-conviction relief alleging ineffective assistance of counsel which was denied, even though allegations in new motion were grounded in different errors allegedly committed by counsel as compared with those cited in prior post-conviction relief attempt).

Third, if a petitioner fails to "fairly present" his claim to the state courts, and he can no longer present the claim to the state courts because, for example, a state court rule prohibits serial litigation, then the federal court is precluded from considering the claim unless the petitioner fits into one of two exceptions. *See*, *e.g.*, *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir.2006), *cert. denied*, 127 S. Ct. 2256 (2007). That is, the petitioner must demonstrate "cause and prejudice" or a "miscarriage of justice" (like "actual innocence") in order to prosecute a claim when that claim has not been, and cannot be, fully and fairly asserted in the state courts. *Id.*

Fourth, the "procedural default doctrine and its attendant 'cause and prejudice' standard . . . apply alike whether the default in question occurred at trial, on appeal, or on state collateral attack." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (stating that cause for procedural default of another federal claim could itself be procedurally defaulted). In that regard, a federal habeas court is barred from considering an ineffective assistance of counsel claim as "cause" for the procedural default of another claim if the ineffective assistance claim has itself been inexcusably procedurally defaulted. *Id.* at 451-452.

Applying the foregoing principles to this case, it is apparent that Petitioner has procedurally defaulted his federal claims without excuse. None of the three claims asserted in this case have been presented through a complete round of Nebraska's appellate process. Indeed, none of the claims have been properly presented to the Nebraska Court of Appeals. Because Nebraska prohibits multiple post-conviction actions, Petitioner cannot now return to the state courts in an attempt to cure this deficiency. Furthermore, Petitioner has failed to excuse these procedural defaults. That is, Petitioner has failed to show "cause and prejudice" or a "miscarriage of justice." An independent review of the record also confirms that there is no reason to believe that "cause and prejudice" or a "miscarriage of justice" exists.

IT IS THEREFORE ORDERED that:

1.  Respondents' Motion for Summary Judgment (filing no. 8) is granted.

2.  A separate judgment will be entered dismissing this case with prejudice, in accordance with this Memorandum and Order.

October 9, 2008.                         BY THE COURT:

                                         *s/ Joseph F. Bataillon*
                                         Chief United States District Judge